**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO MARQUEZ MACHUCA, | No. 11-55997 |
| Petitioner - Appellant, | D.C. No. 5:09-cv-01422-AHM-DTB |
| v. | |
| MIKE MCDONALD, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted June 6, 2012
Pasadena, California

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.

Ricardo Marquez Machuca appeals from the district court's denial of his

petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction

pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

A California jury convicted Machuca of first-degree murder and he was sentenced to twenty-six years to life in prison. On direct appeal, Machuca argued that his trial counsel had been constitutionally ineffective when he failed to object to the admission of statements made by Machuca during a videotaped interview after Machuca allegedly invoked his Fifth Amendment right to silence. The California Court of Appeal affirmed Machuca's conviction, concluding that Machuca's counsel was not ineffective because Machuca had not unambiguously invoked his rights. The California Supreme Court denied review, and Machuca filed a timely federal habeas petition.

The district court held that the California Court of Appeal's decision that Machuca's invocation was ambiguous was an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). But the district court concluded that even if Machuca had satisfied the deficient performance prong of *Strickland v. Washington*, he had not shown prejudice from his counsel's error. *See* 466 U.S. 668, 687 (1984). The district court thus denied Machuca's habeas petition but issued a Certificate of Appealability (COA) with respect to Machuca's

ineffective assistance claim based on counsel's failure to object to the admission of the post-invocation statements.[1]

We agree with the district court and hold that even if the performance of Machuca's trial counsel was deficient, there is not "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 695.[2]

At trial, the State presented strong evidence of Machuca's guilt. Witness testimony established that Machuca was the last person seen with the victim the night of the murder, only fifteen to thirty minutes before the victim was killed. Several witnesses testified that they saw Machuca the next morning with a fresh cut on his hand, and that he provided conflicting explanations for how he cut himself. Although the murder weapon was never found, one witness testified that

---

[1] The district court also denied relief on several other claims presented in Machuca's federal habeas petition, including other claims of ineffective assistance of trial counsel. The district court did not issue a COA with respect to those claims, and we decline to expand the COA in order to consider them. *See* Ninth Circuit Rule 22-1(e).

[2] Because the California Court of Appeal based its decision only on *Strickland*'s performance prong, Machuca urges us to apply de novo review to the question of prejudice. *See Rompilla v. Beard*, 545 U.S. 374, 390 (2005). But even under de novo review we would conclude that Machuca has not shown errors "so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

in the week leading up to the murder, he lent Machuca a knife that was consistent with the coroner's description of the murder weapon. Machuca's girlfriend at the time testified that a day or two after the murder, Machuca confessed to her that he had killed somebody. Finally, the State introduced a pair of shoes found in the car Machuca was driving the day of his arrest that had Machuca's DNA on the inside of the shoe and traces of the victim's blood on the soles.

Machuca argues that despite this evidence, the admission of his post-invocation statements prejudiced him because the prosecutor relied on those statements in his closing argument to argue consciousness of guilt. We disagree.

Prior to his attempted invocation, Machuca repeatedly denied in the recorded statement that he had been with the victim on the night of the murder. As noted above, this was contradicted at trial by overwhelming witness testimony and other evidence. After his invocation, Machuca admitted that he had been with the victim and proceeded to give other explanations—both for the cut on his hand and his whereabouts in the hours after the murder—that were also contradicted by testimony at trial. Throughout the interview, Machuca denied involvement in the murder.

The prosecutor's closing argument relied chiefly on the physical evidence and witness testimony against Machuca. At several points, however, the

prosecutor argued that Machuca's lies to the police during his interrogation showed consciousness of guilt. But even if Machuca's post-invocation statements had been suppressed, the prosecutor still could have argued that Machuca's pre-invocation explanation of his whereabouts—which had been contradicted by numerous witnesses—was not truthful and showed consciousness of guilt. Although this line of argument would have been limited to Machuca's pre-invocation statements, its substance would have remained the same.

In light of the minor role Machuca's post-invocation statements had in the closing argument, and the otherwise strong evidence of Machuca's guilt, we cannot conclude, even under de novo review, that "there is a reasonable probability that, absent [counsel's] errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* The judgment of the district court is **AFFIRMED.**